IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10349
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANNY D. MEISTER,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-120-1-G
- - - - - - - - - -
October 21, 1998

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:*

Danny Meister appeals his sentence following a conviction
for money laundering.  He argues that the district court abused
its discretion by not granting him a downward departure based on
the fact that his crime, although technically money laundering,
was more similar to fraud.  He argued that this brought his case
out of the "heartland" of money-laundering cases and requested
that the district court depart from the guidelines by calculating
his sentence guideline range under the fraud guideline.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Meister argues that this issue has become "wholly reviewable" by this court after the decision in <u>Koon v. United States</u>, 518 U.S. 81 (1996). This claim, however, is unavailing even under <u>Koon</u>. Two questions are considered by this court in reviewing a failure to depart downward. If the district court's decision involves a determination whether U.S.S.G. § 5K2.0, p.s., applies, this is a question of law that is reviewed for abuse of discretion. <u>United States v. Luqman</u>, 130 F.3d 113, 115 (5th Cir. 1997), *citing* <u>Koon</u>, 518 U.S. at 98-99. If downward departure is possible, the determination whether the facts of the case warrant such a departure will be due substantial deference to the district court's discretion. <u>Luqman</u>, 130 F.2d at 115, *citing* <u>Koon</u>, 518 U.S. at 98.

<u>Koon</u>'s requirement of "substantial deference" means that this court will review a district court's refusal to grant a downward departure only if the refusal was based on a violation of the law. <u>United States v. Palmer</u>, 122 F.3d 215, 222 (5th Cir. 1997), *citing* <u>United States v. Mitchell</u>, 964 F.2d 454, 462 (5th Cir. 1992). We have jurisdiction only if the district court concluded in error that the Guidelines did not permit such a departure. <u>Palmer</u>, 122 F.3d at 222. This rule recognizes that "review even for abuse of discretion, might become a chance to second-guess the district court." <u>Luqman</u>, 130 F.3d at 115.

The district court considering Meister's request for a downward departure stated that the issue was difficult, but that it was unpersuaded that it should exercise discretion in favor of a downward departure in this case. The district court did not

deny the motion because of a mistaken belief that it could not depart under the law. Palmer, 122 F.2d at 222. Instead, the court recognized that it had the power to grant a downward departure, but that such a step was not called for by the facts of this case. Because the factual findings of a district court are due extreme deference in the area of departures from the Sentencing Guidelines and because the district court denied the departure based on the facts of Meister's case, this court does not have the power to review the district court's decision on the issue. The sentence of the district court is AFFIRMED.